**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION**

| | | |
|---|---|---|
| In re: MABEL DEWITT COFFEY, | ) | Case No. 05-64605 |
| | ) | |
| Debtor, | ) | |
| | ) | |
| MABEL DEWITT COFFEY, | ) | Adv. No. 06-06001 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| M & I BANK, FSB, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**\*\*CORRECTED\*\***

**MEMORANDUM AND ORDER**

This matter came before the court on a motion for default judgment by the debtor in this case, Mabel DeWitt Coffey ("the Plaintiff"). The motion will be granted in part and denied (without prejudice) in part.

The Plaintiff filed a chapter 13 petition. She then filed the above-styled complaint seeking a judgment declaring void the security interest of M & I Bank, FSB ("the Defendant") in the Plaintiff's real property commonly known as 45 North Princeton Circle, Lynchburg, Virginia ("the Real Property"). The fair market value of the Real Property is $145,000.00. There is a first deed of trust secured by the Real Property in the amount of $150,700.00 in favor of Guaranty Savings.

The Plaintiff scheduled the Defendant's claim as a secured claim supported by a deed of trust in the amount of $46,000.00.   The Defendant's deed of trust constitutes a second priority lien on the Real Property.  The complaint seeks a judgment declaring that the Defendant's claim is unsecured and further declaring the Defendant's lien to be void.

The Defendant's claim shall, for purposes of the Plaintiff's chapter 13 plan, be classified as a wholly unsecured claim.  Furthermore, the Defendant's lien shall be treated as void during the pendency of this case under chapter 13.  It is, however, premature to issue a judgment declaring the Defendant's lien void.  Any lien voided by a judgment in this case under 11 U.S.C. § 506(d) would be reinstated if Plaintiff's bankruptcy case were to be dismissed.  See 11 U.S.C. § 349(b)(1)(C). Consequently, it is better to defer final judgment in this matter until the Plaintiff receives a discharge in this case.

When the Plaintiff receives a discharge in the parent case, the Plaintiff may file a renewed motion for default judgment in this adversary proceeding, at which time the court will consider issuing a judgment declaring that the lien interest of the Defendant in the Real Property to be void. The Plaintiff may then file a copy of that judgment and the discharge order in this case with the Clerk for the Circuit Court in which the Real Property is located.

## **ORDER**

For the foregoing reasons, the prayer that the Defendant's claim be treated as an unsecured claim under the Plaintiff's confirmed chapter 13 plan shall be and hereby is granted.   The prayer that the Defendant's lien interest in the Plaintiff's property commonly known as 45 North Princeton Circle, Lynchburg, Virginia be declared void is denied, without prejudice to the filing of a renewed motion for default judgment upon the receipt of a discharge in this case.

No judgment shall issue at this time. This adversary proceeding shall remain open until at least the earlier of the date on which bankruptcy case no. 05-64605 is closed or the date that is 30 days after the entry of a discharge order in bankruptcy case no. 05-64605. If the Plaintiff files a renewed motion for default judgment within the 30-day period following the entry of a discharge order, then this adversary proceeding shall remain open thereafter until the earlier of the date that the adversary proceeding is dismissed or the date that a final judgment is entered on docket in this adversary proceeding.

So ORDERED.

Upon entry of this memorandum and order, the Clerk shall forward to copy to H. David Cox, Esq., counsel of the plaintiff, and to the defendant.

Entered on this  21TH  day of April, 2006.

_____
William E. Anderson
United States Bankruptcy Judge